IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00063-BNB

EARL CROWNHART,

    Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,
RICHARD T. GURLEY, and
CHRIS LaBONNIE,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 1 2008

GREGORY C. LANGHAM
CLERK

_____

## ORDER OF DISMISSAL

_____

Plaintiff Earl Crownhart is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the San Carlos Correctional Facility at

Pueblo, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally,

because Mr. Crownhart is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Although not the model of clarity, it appears that Mr. Crownhart is alleging that he

has been illegally convicted and sentenced. Plaintiff seeks injunctive relief and money

damages.

Mr. Crownhart has been granted leave to proceed in forma pauperis pursuant to

28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte*

dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Defendant Judge Richard T. Gurley is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Gurley's sentencing of Plaintiff is an action taken in his judicial capacity. Judge Gurley was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Gurley are barred by absolute judicial immunity.

Defendant Chris LaBonnie is a deputy district attorney. With respect to the prosecutorial activities in which Defendant LaBonnie was involved in Plaintiff's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Crownhart's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant LaBonnie is an inappropriate party to this action based on absolute immunity.

2

With respect to Plaintiff's naming of the People of the State of Colorado as a defendant, he is in essence naming the State of Colorado. The State of Colorado is also subject to immunity from money damages. "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, Defendant People of the State of Colorado is an inappropriate party to this action.

Even if Plaintiff's claims were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Crownhart, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceeding. Mr. Crownhart does not allege an invalidation of his conviction nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by **Heck**. Nonetheless, the Complaint and action will be dismissed as legally frivolous because Defendants are improper parties to a § 1983 action.

Furthermore, to the extent that Plaintiff is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241, **see Preiser v. Rodriguez**, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, **see** 28 U.S.C. § 2254(b)(1). Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

DATED at Denver, Colorado, this 20 day of _____February_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00063-BNB

Earl Crownhart
Prisoner No. 113771
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/21/08

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk